## THE STATE OF IOWA;

OTTUMWA, JUNE TERM, A. D. 1849,

In the third year of the State.

---

PRESENT:

HON. JOSEPH WILLIAMS,  CHIEF JUSTICE.
" JOHN F. KINNEY, } JUDGES.
" GEORGE GREENE, }

---

## HARROW, et al. v. BAKER, et al.

In an action of forcible entry and detainer, proof that the party in possession was frightened by threats or other circumstances, to yield his possession to the defendant, is sufficient to show that the entry was forcible.

Threats that induce fear of forcible entry and ouster, without fear of personal violence, are sufficient to establish a forcible entry.

### Error to Davis District Court.

*Opinion by* KINNEY, J.  This was an action of forcible entry and detainer, commenced before a justice of the peace.  Judgment was rendered against the defendants in error, before the justice.  The case was appealed to the district court, and judgment in the district court was obtained against the plaintiffs in error, to reverse which he brings this writ of error.  The plaintiffs assign for error:

25

1. The court erred in charging the jury, that threats to dispossess by force, did not amount to forcible entry.

2. The court erred in charging the jury, that if Harrow left from fear produced by threats and superior numbers, it should be fear of personal violence to himself or family, and not merely fear that a forcible entry and ouster would be made.

It appears from the bill of exceptions, that the plaintiffs in error were the lessees of Agnes Baker, of a farm and dwelling house in Wapello county, of which she wished to obtain possession. She went to the house on Sunday morning and requested Harrow who was then the sole occupant, to leave, which he appeared willing to do, as soon as he could find another place, and offered to give up one room in which to place her goods. Agnes Baker then left, and returned in the afternoon with one Chapman, and about thirty other men who expressed to Harrow a determination that he should leave immediately, or they would dispossess him by force. They gave him until twelve o'clock at noon, the next day, declaring, that if he did not leave by that time, they would put him out. Harrow agreed to be out by the next day.

It seems that at the time appointed, Agnes Baker, Chapman, and the crowd again assembled at the house, bringing the household goods of Agnes, for the purpose of putting her in possession and removing Harrow if still there. A portion of Harrow's goods were out of the house, and the crowd assisted in removing the remainder, and putting those of Agnes Baker in. It appears that Harrow resisted putting in the goods of Baker. This is the evidence upon which the instructions of the court were predicated.

The court charged the jury, that threats to dispossess by force, did not amount to forcible entry. If Harrow left from fear produced by threats and superior numbers, it should be fear of personal violence to himself or family, and not merely fear that a forcible entry and ouster would be made. The court also instructed the jury, that he who

abandons his possession to avoid being turned out by force uninjured, is not forcibly dispossessed, &c. Other instructions were given; but if in these the court erred, it will not be necessary to go further, particularly as these were applicable to the state of facts upon the trial.

The *Rev. Stat.*, 345, §2, clearly defines what shall constitute forcible entry and detainer. It provides "that if any person shall by such words or actions, as have a natural tendency to excite fear or apprehension of danger, or by putting out of doors or carrying away the goods of the party in possession, or by entering peaceably and then turning out by force, or frightening by threats or *other circumstances of terror*, the party to yield possession, in such case every person so offending shall be deemed guilty of a forcible entry and detainer, within the meaning of this act,"

This statute is very comprehensive, and under it, this action can be maintained where actual physical force is not used in the entry and detainer. If the party in possession, is frightened by threats or other circumstances of terror, to yield his possession to another, the entry is forcible.

In England, proceedings of this kind are either by indictment, or by complaint before a justice of the peace, in the nature of a criminal prosecution. That, which by their law is made an offence punishable by fine and imprisonment, is by ours a civil action to obtain possession; and hence a resort to intimidation and threats accompanied with an array of force and power to obtain possession of premises, which, although wrongfully withheld, ought to be regarded by the courts with great disfavor. If Harrow was holding over without color of right, the party entitled to possession had a remedy at law. But in lieu of invoking the law for assistance and relief, she resorts to the strong arm of physical force, and in this manner obtains possession.

But, did the court err in instructing the jury, that threats to dispossess by force did not amount to a forcible entry, &c?

By the English authorities these instructions may have been correct. But we think, under our statute giving the remedy in cases where force or personal violence were not actually used, and thus saving the necessity of a personal conflict before the right of action could accrue, that the instructions are erroneous.

The statute of Illinois provides, "that if any person shall make entry into lands, tenements or other possessions, except where entry is given by law, or shall make any such entry by *force*," &c. This statute declares, that the entry shall be by *force*, without any qualification, and yet it was held under this statute, by the supreme court, that if the entry was wrongful, and without lawful right, that actual force and physical violence were not necessary to sustain the action. *Atkinson* v. *Lester*, 1 Scam. 407.

In the case of *The State* v. *Pollock*, 4 Iredell's R. 305, it was held, that "where a party entering upon land in the possession of another, either by his behavior or speech gives those who are in possession, just cause to fear that he will do them some bodily harm, if they do not give way to him, his entry is esteemed forcible." The English doctrine that force was necessary, does not appear to be regarded as essential in this case. We are not aware of the provisions of the statute, under which this decision was made.

But by our statute, the right of action may be complete in the absence of all force. Any circumstance of terror, which will induce the party to yield possession, is all that is necessary. Threats which would have a tendency to excite fear, not of personal violence alone, but reasonable fear of a violent *ouster* of the goods of the person in possession, we think under our statute, will enable the party dispossessed by such fear, to recover possession in an action of forcible entry and detainer. This is the only fair and legal construction that can be given to this statute, and such a one, as we think was intended by the legislature, thereby preventing persons from resorting in a rude,

violent and lawless manner, to a remedy fraught with such dangerous consequences.

The court therefore erred in charging the jury, that if Harrow left from fear produced by threats and superior numbers, it should be fear of personal violence to himself or family, and not merely fear that a forcible entry and *ouster* would be made; as also in the instruction, that he who abandons his possession to avoid being turned out by force, uninjured, is not forcibly dispossessed. It is not necessary that a person should wait until he is actually turned out by force, before his right of action is complete.

Judgment reversed.

*J. C. Hall*, *Wright & Knapp*, for plaintiff in error.

*S. W. Summers* and *Geo. May*, for defendant.